# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

| | |
|---|---|
| Tedi A. Brown, and ) | |
| Derryl D. Brown, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. _____ |
| v. ) | |
| ) | |
| Herschend Family Entertainment ) | |
| Corporation, and Dolly Parton ) | JURY DEMAND |
| Productions, Inc., as a joint venture ) | |
| d/b/a The Dollywood Company, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Come the Plaintiffs, by and through counsel, and for cause of action against the Defendants would show:

1. Plaintiffs Tedi and Derryl Brown are husband and wife, and are citizens and residents of Florida.

2. Defendant Herschend Family Entertainment Corporation is a Missouri corporation with its principal place of business located at 2800 W. Highway 76, Branson, MO 65616-2170. Herschend Family Entertainment Corporation may be served with process through its registered agent for service of process: Robert W. Fox, Sr., 2700 Dollywood Parks Blvd., Dollywood, Pigeon Forge, TN 37863-4102.

3. Defendant Dolly Parton Productions, Inc., is a California corporation with its principal place of business located at 9255 W. Sunset Blvd. Ste. 800, Los Angeles, CA 90069-3320. Dolly Parton Productions, Inc., may be served with process through its

1

registered agent for service of process: Eresidentagent, Inc., 992 Davidson Dr. Ste. B, Nashville, TN 37205-1051.

4. Defendant The Dollywood Company is a joint venture between Defendants Herschend Family Entertainment Corporation and Dolly Parton Productions, Inc., with a principal place of business located at 2700 Dollywood Parks Blvd., Pigeon Forge, TN 37863. The Dollywood Company is not listed on the Tennessee Secretary of State's business records database.

5. Upon information and belief, Defendant The Dollywood Company owns the property on which Dollywood Family Amusement Park is situated, located at 2700 Dollywood Parks Blvd., Pigeon Forge, TN 37863.

6. According to Dollywood's website, Defendant Herschend Family Entertainment Corporation operates and manages Dollywood Family Amusement Park.

7. The amount in controversy exceeds $75,000.

8. Based on the foregoing, this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

10. On December 28, 2013, the Plaintiffs, together with five of their children, traveled to Dollywood Family Amusement Park as part of a planned vacation to the Gatlinburg area.

11. The weather on the day in question was a wintry mix of sleet and rain.

12. Plaintiffs and their children elected to ride on the Waltzing Swinger, a large, revolving ride with individual seats that ascend 25 feet into the air and tilt outward. Plaintiffs had never before ridden on or heard of the Waltzing Swinger.

13. Because of the weather conditions, Plaintiffs asked a Dollywood employee if the Waltzing Swinger would be safe to ride; that employee assured Plaintiffs the ride was safe and not to worry.

14. Dollywood's website states that the "Waltzing Swinger is subject to closures during inclement weather."

15. Having received assurance of the ride's safety from a Dollywood employee, Plaintiffs and their children selected individual seats on the Waltzing Swinger and participated in a single ride.

16. The seats on the Waltzing Swinger do not have locking mechanisms that restrain ride participants, and any participant can lift the lap bar and become unrestrained at any point during the ride.

17. When the ride is completed, the swinging chairs come to a complete stop about 10 feet above the ground.

18. When Plaintiffs' ride came to a complete stop, Plaintiff Tedi A. Brown believed that the ride was complete and lifted her lap bar to exit her seat.

19. Plaintiff Tedi A. Brown quickly realized that the seats were too high in the air to exit safely, but she could not maintain her grip on the lap bar or chair because same were slick and wet as a result of that day's weather.

20. Plaintiff Tedi A. Brown slid from her seat because of the wet/icy conditions and fell headfirst onto the pavement, suffering substantial injuries as a result, including a brain injury, a broken sacrum, broken coccyx, injuries to her neck and spine, torn ligaments and a broken jaw.

21. After Plaintiff Tedi A. Brown slid from her seat, but before the ride seats were lowered to a height sufficient for participants to exit safely, a Dollywood employee announced over a loud speaker for all ride participants to remain in their seats.

22. Defendants owed the Plaintiffs a duty of care to provide safety measures, such as locking mechanisms, on the seats of the Waltzing Swinger that would prevent ride participants from being able to lift the lap bar and potentially fall to the ground before the ride seats are lowered to a safe height. In failing to provide such safety measures, Defendants failed to exercise due care and breached the duty owed these Plaintiffs.

23. Under a cost-benefit analysis, the danger of ride participants falling from the Waltzing Swinger and sustaining serious injuries substantially outweighs the cost of providing safety measures such as a proper locking mechanism on that ride's seats, i.e., one that the invitee/rider/guest is not able to unlock during the ride's operation at any point prior to the ride's termination.

24. Defendants owed the Plaintiffs a duty of care to close the Waltzing Swinger during inclement weather. Defendants failed to exercise due care and breached the duty owed these Plaintiffs by failing to close the Waltzing Swinger on

4

December 28, 2013, when the weather was a wintry mix of rain and sleet, which rendered the seats and lap bars of that ride dangerously slick. But for the Defendants' failure to close the ride, Plaintiff Tedi A. Brown would not have been injured.

25. The lack of a proper locking mechanism on the Waltzing Swinger constituted a defective or dangerous condition about the land which the Defendants created and about which they had actual knowledge. Their failure to abate this dangerous condition, or sufficiently warn regarding same (the warning that occurred did not come until after Plaintiff had fallen out of the chair), renders them liable to Plaintiff in premises liability.

26. Defendant Herschend Family Entertainment Corporation, as operator and manager of the facility, is separately liable for its negligent acts and omissions in (1) operating the ride in the first instance on the day in question because of the inclement weather, (2) failing to ensure a proper locking mechanism existed on the ride as aforementioned, and (3) failing to warn as aforementioned. This Defendant's negligent acts and omissions in operating and managing the park, renders it separately liable to Plaintiffs for their injuries.

27. Plaintiffs injuries and resulting damages were foreseeable as a result of (1) the non-locking restraint locking mechanism which allowed Plaintiff to raise the safety bar above her head prior to the ride and seat being safely on the ground, (2) the inclement weather that day which made the seat and all portions of the ride slick and unreasonably dangerous when combined with the non-locking seat mechanism and (3) Defendants' failure to warn Plaintiff not to raise the non-locking safety bar prior to the

ride being safely on the ground and in specifically telling her the ride was safe for her and her family.

28. Plaintiffs aver that each and every of the aforementioned negligent acts of Defendants constitutes the proximate and legal cause of their damages.

29. Plaintiff Tedi A. Brown has suffered serious and debilitating injuries from her fall on the Waltzing Swinger. As a result of these injuries, Plaintiff Tedi A. Brown has sought medical treatment and care and has incurred substantial medical expenses as a result. She has also suffered, and will continue to suffer in the future, pain and suffering, loss of enjoyment of life and permanent impairments and disabilities.

30. Defendant Derryl D. Brown has suffered a loss of consortium because of the injuries sustained by Mrs. Brown in this incident.

31. Plaintiffs demand a jury to try this cause.

**WHEREFORE**, Plaintiff Tedi A. Brown sues the Defendants for the sum of $425,000.00 and Plaintiff Derryl D. Brown sues the Defendants for the sum of $50,000.00. Plaintiffs also pray they be awarded court costs and discretionary costs.

Respectfully submitted this 22nd day of December, 2014.

/s Darren V. Berg
Darren V. Berg, BPR #023505
Butler, Vines & Babb, PLLC
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901-2649
(865) 637-3531