IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

TEDI A. BROWN and )
DERRYL D. BROWN, )
 )
    Plaintiffs, )
 )
v. ) No. 3:14-cv-00593
 )
HERSCHEND FAMILY ENTERTAINMENT ) Jury of 12 Demanded
CORPORATION, and DOLLY PARTON )
PRODUCTIONS, INC., as a joint venture )
d/b/a THE DOLLYWOOD COMPANY )
 )
    Defendants. )

## ANSWER

Come the Defendants Herschend Family Entertainment Corporation, Dolly Parton Productions, Inc., and The Dollywood Company (hereinafter referred to as Dollywood) by and through counsel and hereby respond to the allegations in Plaintiffs' Complaint.

1. Based upon information and belief the allegations of Paragraph 1 of the Complaint are admitted.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is generally admitted except that the business address is c/o Gelfand Rennert & Feldman, LLP, 1880 Century Park East. #1600, Los Angeles, CA 90067.

4. As to Paragraph 4 of the Complaint is generally admitted. Herschend Family Entertainment Corporation's ownership of The Dollywood Company is indirectly through a wholly owned subsidiary DW Holding Company, LLC, which is licensed to do business in Tennessee.

5. Paragraph 5 of the Complaint is admitted.

6. As to Paragraph 6 of the Complaint, Herschend Family Entertainment Corporation is the operating partner for The Dollywood Company through an indirect wholly-owned subsidiary, DW Holding Company, LLC.

7. The Defendants admit that the Plaintiff has sued for more than $75,000.

8. Jurisdiction, based on diversity, is not disputed.

9. Venue is not disputed.

10. The Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 10 of the Complaint but it is admitted that Tedi Brown and Derryl Brown and some of their children were at Dollywood on December 28, 2013.

11. As to Paragraph 11 of the Complaint is admitted that on the date of December 28, 2013 it rained.

12. As to Paragraph 12 of the Complaint, it is admitted that Tedi Brown rode the attraction known as the "Waltzing Swinger" at Dollywood on December 28, 2013. Defendants have no knowledge of Plaintiff's experience with the ride before that date or time. The ride had single and double seats. At this time the Defendants do not have definitive information as to whether or not anyone else in the Plaintiff's party, other than Ms. Brown, got on the ride with Mr. and Mrs. Brown. The remaining averments of Paragraph 12 of the Complaint are admitted.

13. The Defendants have no knowledge of the averments set forth in Paragraph 13 of the Complaint and strict proof is demanded. Defendants aver that it was safe to ride the ride at the time Plaintiffs rode it.

14. Paragraph 14 of the Complaint is generally admitted. The Dollywood website states "Waltzing Swinger is subject to closures during inclement weather conditions, including lightning."

15. As to Paragraph 15 of the Complaint, the Defendants have no knowledge of what conversation Tedi Brown had with any Dollywood employees and strict proof of the allegations in Paragraph 15 of the Complaint is demanded. It is this Defendants belief, based upon its investigation, that the Plaintiff Tedi Brown selected a seat on the attraction and no one else rode with her on or in that seat. Also, Defendants again assert it was safe to ride the ride at that time.

16. Paragraph 16 of the Complaint is denied as stated. There is a restraint bar that is latched to the seat. However, a person has to intentionally unlatch the device and has to intentionally raise the lap bar to intentionally get out of the seat.

17. Paragraph 17 of the Complaint is denied as stated. When the ride is completed the seats on the attraction come to a complete stop at ground level, at the same level at which they began the ride, so that the riders can exit their seats onto the ground.

18. As to Paragraph 18 of the Complaint, the Defendants do not know what Tedi Brown believed or was thinking at the time that she intentionally unlatched her restraint and intentionally lifted the lap bar and got out of her seat.

19. As to Paragraph 19 of the Complaint, the Defendants do not know what Mrs. Brown was thinking when she intentionally unlatched her lap bar and raised her lap bar to get out of the seat before the ride came to a complete stop at ground level. Therefore the allegations of Paragraph 19 at this time are denied based upon insufficiency of information and strict proof is demanded.

20. Paragraph 20 of the Complaint is denied as stated. The Defendants do not have sufficient information regarding the alleged injuries, damages and losses claimed by Tedi Brown so for the purpose of this Answer said allegations are denied and strict proof is demanded. The allegations of Plaintiffs in Paragraph 20 of the Complaint as to why Tedi Brown came out of her

seat are specifically denied. It is the Defendants understanding that Tedi Brown intentionally unlatched her lap bar, intentionally pushed the lap bar up and got out of the ride seat before the ride came to a complete stop at ground level. The Defendants do not know why Tedi Brown took such action.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied and strict proof is demanded. See response to Paragraph 20 of Plaintiffs' Complaint. The Defendants aver the ride was safe. The Plaintiff Tedi Brown intentionally bypassed the latch and lap bar mechanisms.

23. The allegations of Paragraph 23 of the Complaint are denied and strict proof is demanded. The Defendants did not design or manufacture the attraction and relied on the expertise of the ride manufacturer.

24. Paragraph 24 of the Complaint is denied and strict proof is demanded. See response to Paragraphs 20 and 22 of Plaintiffs' Complaint.

25. Paragraph 25 of the Complaint is denied and strict proof is demanded. See Paragraphs 20 and 23 above.

26. Paragraph 26 of the Complaint is denied and strict proof is demanded.

27. Paragraph 27 of the Complaint is denied and strict proof is demanded. See Paragraphs 15, 20 and 22 above.

28. Paragraph 28 of the Complaint is denied and strict proof is demanded.

29. As to Paragraph 29 of the Complaint, these Defendants do not have sufficient information regarding the alleged injuries, damages and medical treatment of Tedi Brown and therefore for purposes of this Answer said allegations are denied at this time pending further

discovery. The Defendants demand strict proof of any and all injuries, damages and losses asserted in Paragraph 29 of Plaintiffs' Complaint.

30. Paragraph 30 of the Complaint is denied at this time pending further discovery in this cause.

31. As to Paragraph 31 of the Complaint, Defendant also requests a jury.

32. As an affirmative defense Defendants aver that the Plaintiff was guilty of intentional acts and/or negligent acts which caused or contributed to her accident and/or injuries such that it bars Plaintiff's recovery in this cause and also bars any potential recovery by Derryl D. Brown. Defendants aver that the accident occurred during daylight hours. The Plaintiff had a clear view of where she was on the attraction at all times. She and her husband would have also seen the operation prior to entering the ride. Although Plaintiff could have determined where she was in relationship to the ground at any time, Plaintiff, by her own intentional acts, intentionally unlatched the lap bar on the ride, intentionally pushed the lap bar up over her head and proceeded to get out of the seat of the ride while the ride was still off the ground and before the ride had come to a complete stop at ground level. Mrs. Brown was in a seated position on the ride and should have known, by her own observation, of the location of her seat at that time in relationship to the ground. By her own actions Plaintiff intentionally removed the lap bar restraint device and jumped and/or fell from her seat, after she intentionally removed the restraint device.

33. As an affirmative defense Defendants aver that the action of the Plaintiff are a complete bar of her claim and the claim of Derryl Brown, in this cause due to her own intentional actions and/or negligent action which caused and/or contributed to her claimed accident and/or injuries. In the alternative the Defendants aver that the actions of the Plaintiff

are such that they would reduce any potential recovery she may have in this cause under the theory of comparative fault and would also reduce the claimed damages of Derryl Brown.

34. As an affirmative defense the Defendants aver the ride known at Dollywood as the Waltzing Swinger was designed and manufactured by Bertazzon 3B srl whose address is 31020 Sernajlia D.B., Treviso, Italy, and was purchased from Bertazzon America, LLC, 115 Penn Warren Drive, Brentwood, TN, 37027. If Plaintiffs are claiming any problem with the design of the restraint system then these Defendants aver they did not design or manufacture the ride or its restraint system and aver they are not liable for any alleged negligence in the design or manufacture of the ride or its restraint system. These Defendants rely upon the theory of comparative fault for any negligence of the designer, manufacturer or seller of the ride.

35. The Defendants deny that they are liable to the Plaintiffs in any amount.

36. The Defendants deny any and all allegations of negligence and deny they breached any duty to the Plaintiffs which caused or contributed to the claimed accident and/or injuries and demand strict proof of any such allegations by the Plaintiffs in this cause.

37. The Defendants demand strict proof of any and all claimed injuries, damages and losses asserted by the Plaintiffs in this matter.

38. All allegations of the Complaint not heretofore admitted, explained or denied are now denied as though specifically set forth and denied.

39. The Defendants reserve the right to amend this Answer and assert any additional defenses that may be available to them upon completion of discovery in this cause.

Wherefore, having now responded to the allegations in Plaintiffs' Complaint, the Defendants respectfully request that the action against them be dismissed and in the alternative that a jury be empanelled to try the issues in this cause.

Respectfully submitted this 16th day of January, 2015.

s/Daniel M. Gass
Daniel M. Gass, BPR#013250
**O'Neil, Parker & Williamson, PLLC**
Attorney for the Defendants
7610 Gleason Drive, Suite 200
Knoxville, TN 37919
865-546-7190
865-546-0789 fax

## CERTIFICATE OF SERVICE

I Daniel M. Gass do hereby certify that I have filed the original of this document electronically with the Court, and notice of the filing is being sent by the course of the electronic filing system to all attorneys of record.

This 16th day of January 2015.

s/Daniel M. Gass
O'NEIL, PARKER & WILLIAMSON, PLLC